

**SO ORDERED.**

**SIGNED this 19th day of July, 2012.**

Dale L. Somers
United States Bankruptcy Judge

___

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re:

**Dana Lee Stahl,**                         Case No. 10-10679
                                                    Chapter 7
           **Debtor.**

___

**Linda S. Parks, Trustee,**

           **Plaintiff,**

vs.                                             Adversary No. 10-05200

**Consumer Law Associates, LLC,**

           **Defendant**.

___

### Report and Recommendation to the District Court on
### Motion to Withdraw Reference

This matter comes before the Court on the motion to withdraw the reference of

this adversary proceeding and transfer the case to the United States District Court for

the District of Kansas.[1] Pursuant to District of Kansas Local Rule 83.8.6, the Court recommends that the reference of this case be withdrawn immediately.[2]

## Factual and Procedural Background

Linda S. Parks, the Chapter 7 Trustee, filed this adversary case. The Trustee's Complaint alleges that Debtor Dana Lee Stahl, in an effort to avoid bankruptcy and having her wages garnished, retained Defendant Consumer Law Associates, LLC (hereafter "CLA"), a Maryland corporation found by the Debtor through the internet, to provide legal services to assist Debtor in resolving her unsecured debt. During the two years preceding her bankruptcy filing, Debtor made monthly payments to CLA, and the Trustee alleges that Debtor transferred approximately $17,790 to CLA during this time period. In March 2010, Debtor stopped making payments to CLA and filed her Chapter 7 bankruptcy petition. CLA refunded $1397.86 of its legal fees to Debtor, but retained $2096.79 in attorney's fees and $1870 in service fees.

Generally stated, the Trustee seeks to avoid and recover monies charged and collected by Defendant as fraudulent conveyances, preferences, and as unreasonable professional fees. The Trustee also alleges that Defendant committed deceptive and unconscionable acts that violated the Kansas Consumer Protection Act ("KCPA")[3] and

---

[1] Doc. 80.

[2] Rule 83.8.6(f) provides that upon filing a motion to withdraw the reference and for transfer, the Bankruptcy Court will submit a written recommendation on the motion to the District Court.

[3] K.S.A. §§ 50-623 to 50-643.

-2-

also violated the Kansas Credit Services Organization Act ("KCSOA").[4] In addition, the Trustee seeks to recover actual and punitive damages.

Early in the case, Defendant filed a motion to withdraw the reference and transfer this proceeding to the District Court.[5] Defendant also filed a notice of its lack of consent to jury trial in the bankruptcy court.[6] Approximately four months later, Defendant withdrew both its motion to withdraw reference and notice of lack of consent, informing the Court that it had purchased a claim and was now a creditor of the Debtor.[7] Approximately a year after withdrawing those papers, Defendant now files a new motion to withdraw reference and seeks transfer of this case to the district court.[8] The Trustee opposes Defendant's motion.[9]

The parties have filed their final pretrial order.[10] Dispositive motions have been filed by both parties.[11] Responses to those motions have been stayed pending resolution of this motion to withdraw the reference.

---

[4] K.S.A. §§ 50-1116 to 50-1135.

[5] Doc. 14.

[6] Doc. 13.

[7] Doc. 30.

[8] Doc. 80.

[9] Doc. 86.

[10] Doc. 84.

[11] Doc. 96 (Trustee's motion for summary judgment); Doc. 97 (CLA's motion for summary judgment).

## Analysis

Although never explicitly so stating, CLA apparently moves to withdraw reference pursuant to 28 U.S.C. § 157(d). The statute provides that a "district court may withdraw, in whole or in part, any case or proceeding" under the Bankruptcy Code "on its own motion or on timely motion of any party, for cause shown."

### A.   Timeliness of Defendant's motion to withdraw the reference.

The Trustee challenges the timeliness of CLA's motion. The Local Rules set a time frame for motions to withdraw the reference, and require such motions to be filed "within 20 days after movant has entered an appearance or been served with summons or notice."[12] Outside of such local rules on the matter, courts have generally deemed a party's motion under § 157(d) as timely when "it was made as promptly as possible in light of the developments in the bankruptcy proceeding, or, more simply, if it was made at the first reasonable opportunity."[13] "The reason for the timeliness requirement is to prevent parties from forum shopping, stalling, or otherwise engaging in obstructionist tactics."[14] A district court has "broad discretion" regarding a motion to withdraw the reference.[15]

---

[12] D. Kan. Rule 83.8.6(c).

[13] *DePaola v. Price (In re Price)*, 2007 WL 2332536, at *3 (M.D. Ala. 2007); *see also* 9 *Collier on Bankruptcy* ¶ 5011.01[2], at 5011-8 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.) (stating that "motions for permissive withdrawal must be made at the first reasonable opportunity").

[14] *Commercial Fin. Servs. Inc. v. Temple (In re Commercial Fin. Servs., Inc.)*, 2003 WL 22927208, at *3 (N.D. Okla. Apr. 25, 2003) (internal quotations and citations omitted).

[15] *Doe v. Martinez (In re Martinez)*, 2010 WL 3075282, at *2 (D.N.M. July 15, 2010).

...

Defendant's current motion to withdraw the reference is made one and a half years after this adversary proceeding was filed. The first motion to withdraw the reference was timely made, and, according to Defendant, was withdrawn because CLA had purchased a claim and was then a creditor of the Debtor.[16] Now, based on the Supreme Court's recent jurisprudence on jurisdiction in *Stern v. Marshall (In re Marshall)*,[17] discussed below, Defendant no longer believes that merely holding a claim in the bankruptcy case requires it to submit to the jurisdiction of the Bankruptcy Court in an adversary proceeding.[18] The current motion to withdraw the reference is made nine months after the *Stern* case was issued, but there is not yet any settled interpretation of that case, and almost no case law interpreting *Stern* in this jurisdiction.

---

[16] Two Supreme Court decisions likely led to Defendant's withdrawal of its first motion: *Langenkamp v. Culp*, 498 U.S. 42 (1990) and *Katchen v. Landy*, 382 U.S. 323 (1966). The *Langenkamp* case, building on *Katchen*, concluded that a trustee's preference action seeking to avoid payments from a debtor prior to filing bankruptcy—a "right of recovery created by federal bankruptcy law"—was within the jurisdiction of the bankruptcy court. The allegedly favored creditor had filed a proof of claim and the trustee's preference action was "integral to the restructuring of the debtor-creditor relationship." 498 U.S. at 44. The result in the bankruptcy courts after *Langenkamp* and *Katchen* was that, when a creditor filed a proof of claim, the bankruptcy courts claimed jurisdiction over any matters related to that claim.

[17] 131 S. Ct. 2594 (2011).

[18] *See Stern*, 131 S. Ct. at 2617–18 (concluding that the filing of a proof of claim in the bankruptcy court did not automatically give the bankruptcy court jurisdictional authority to determine a counterclaim in the adversary proceeding; determining that "the question is whether the action at issue stems from the bankruptcy itself or would necessarily be resolved in the claims allowance process" and concluding that the claim underlying the proof of claim "in no way" affected the nature of the counterclaim in the adversary and that a ruling on the counterclaim required factual and legal determinations not required in ruling on the objections to the proof of claim).

The current motion to withdraw the reference and transfer this proceeding to the district court does not appear to be done for the purpose of stalling. As discussed in more detail below, multiple similar cases asserting similar claims have recently moved to the district courts in this district, and it is understandable that a Defendant would prefer to have claims resolved against them in a single forum. In addition, as discussed in more detail below, the landscape of bankruptcy court jurisdiction is currently the subject of much debate, and the delay in lodging the current motion is not entirely without basis, as courts around the country begin to issue more opinions on the scope of *Stern*.

Based on the record in this case, this Court finds that CLA's motion should be considered as timely. Under District of Kansas Local Rule 83.8.13, a district judge, rather than a bankruptcy judge, is required to conduct a jury trial in bankruptcy cases when "no statement of consent to jury trial before a bankruptcy judge has been filed." There is certainly no statement of consent here. Furthermore, there does not appear to be any prejudice to the Trustee if the motion is considered timely,[19] because the end result, as discussed in more detail below, may be the more efficient resolution of these claims. Finally, this Court and the District Court, under 28 U.S.C. § 157(d) and District of Kansas Local Rule 83.8.7, may consider withdrawal of the reference without motion

---

[19] *See Burger King Corp. v. B-K of Kan., Inc.*, 64 B.R. 728, 730–31 (D. Kan. 1986) (finding ten months to be the outer limit of timeliness for a motion to withdraw the reference, but finding the motion timely because all pre-trial activity at the bankruptcy court would assist the district court and there was no prejudice to the non-moving party); *see also, e.g.*, *Redmond v. Hassan (In re Hassan)*, 375 B.R. 637, 646–47 (Bankr. D. Kan. 2006) (recommending to district court that it exercise discretion to grant a late request for a jury trial, due to lack of prejudice to Trustee).

of a party. Section 157(d) permits a district court to withdraw reference "on its own motion." Local Rule 83.8.7 permits a bankruptcy judge to "determine *sua sponte*" that a proceeding is non-core. Therefore, this Court recommends that the District Court consider the motion to withdraw reference as timely. This Court will proceed to determine whether cause exists for withdrawal of reference.

**B.     Cause shown for Defendant's motion to withdraw the reference.**

Cause for withdrawal of the reference is not defined by § 157. Demand for jury trial has been recognized as cause for withdrawal of reference.[20] Courts have also considered whether claims are core or non-core.[21] In addition, courts "consider the goals of promoting uniformity in bankruptcy administration, reducing forum shopping and confusion, fostering the economical use of the debtors' and creditors' resources, and expediting the bankruptcy process."[22]

There is a jury trial right on at least a portion of the Trustee's claims. The Seventh Amendment to the United States Constitution preserves the right to trial by jury in "suits at common law," meaning "suits in which legal rights were to be ascertained and determined, in contradistinction to those where equitable rights alone

---

[20] *E.g.*, *Manley Truck Line, Inc. v. Mercantile Bank of Kan. City*, 106 B.R. 696 (D. Kan. 1989); see also cases collected at 1 *Collier on Bankruptcy* ¶ 3.04[1][b] n.4 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.).

[21] *Disbursing Agent of the Murray F. Hardesty Estate v. Severson (In re Hardesty)*, 190 B.R. 653, 654 (D. Kan. 1995).

[22] *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 999 (5th Cir. 1985) (citing 1 *Collier on Bankruptcy* ¶ 3.04[1][b] at 3-54 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.)).

were recognized, and equitable remedies were administered."[23] The main focus of this analysis is "the remedy sought" and "whether it is a legal or equitable in nature."[24] Federal law determines whether there is a right to a jury trial in a case involving state law that has been brought in federal court.[25]

The first count of the Trustee's complaint is under § 548 for avoidance of the allegedly fraudulent transfer of funds to Defendant, and Defendant has a Seventh Amendment right to trial to a jury on the § 548 claim. The Supreme Court has determined that statutory bankruptcy actions to recover monetary relief alleged to be fraudulent conveyances or preferential transfers "would not have sounded in equity 200 years ago in England,"[26] and Defendant has a constitutional right to a jury trial when sued by a bankruptcy trustee under § 548(a) to recover an allegedly fraudulent monetary transfer.

The Trustee's second count is under § 547 and § 550 for an accounting of all payments made to CLA and for the recovery of all payments made as preferential transfers. The Trustee alleges that within 90 days prior to filing for bankruptcy relief Debtor made transfers to Defendant on account of an antecedent debt. Pursuant § 547 and § 550, the Trustee seeks to recover such transfers for the benefit of the estate. Under the *Granfinanciera* test, Defendant has a right to a jury trial on this claim since

---

[23] *Granfinanciera, S.A. v. Nordberg*, 492 U.S. 33, 41 (1989).

[24] *Id.* at 42.

[25] *Simler v. Conner*, 372 U.S. 221, 221 (1963).

[26] *Granfinanciera*, 492 U.S. at 42.

-8-

the remedy sought is recovery of money.

The Trustee's third and fourth counts allege state law causes of action. The Trustee's third count is a claim for actual damages and penalties for violation of the KCSOA. The Act addresses the activities of non-attorney credit services organizations, defined to include persons who hold out themselves to the public as willing to engage in debt management services for a fee.[27] The Trustee alleges violations of the KCSOA, and the right to enforce private remedies, including the recovery of damages, attorney fees, and penalties. Because such remedies were available at common law, a Seventh Amendment right to a jury trial applies to this claim. The Trustee's fourth count alleges that Defendant violated the KCPA by engaging in deceptive and unconscionable acts and practices prohibited by the Act. The Trustee seeks damages and statutory penalties for violations of the KCPA, costs, and an award of attorneys fees.[28] Although the Kansas Legislature has expressly provided in the KCPA that "[t]he unconscionability of an act or practice is a question for the court,"[29] other aspects of the Trustee's claim, including whether Defendant committed deceptive practices[30] and the

---

[27] K.S.A. § 50-1117(c) (defining "credit services organization" as "a person who engages in, or holds out to the public as willing to engage in, the business of debt management services for a fee, compensation or gain, or in the expectation of a fee, compensation or gain").

[28] Attorneys fees are authorized under the Act by K.S.A. § 50-634(c).

[29] K.S.A. § 50-627(b).

[30] *See Waggener v. Seever Systems, Inc.*, 233 Kan. 517, 523, 664 P.2d 813, 819 (1983) (holding under the Kansas Bill of Rights, which like the federal constitution, preserves the right to trial by jury as it existed at common law, a litigant has a constitutional right to trial by jury as to deception).

amount of damages raise legal issues.[31] There is a right to a jury trial under the Seventh Amendment when legal claims for the recovery of money are asserted. In claims such as these with legal and equitable portions rising from the same circumstances, "when an issue is common to both legal and equitable claims in the same proceeding, it must be tried first to the jury."[32]

The Trustee's fifth and final count is for disgorgement of the fees charged by Defendant, alleged to be unreasonable under the Kansas Rules of Professional Conduct. If the Trustee is seeking restitution of specific funds, the claim is equitable; if the Trustee is seeking recovery from the general assets of the defendants, the claim is legal and a jury right exists.[33]

As noted above, Defendant moves to withdraw the reference based on the June 2011 Supreme Court decision in *Stern*.[34] In the *Stern* case, the Supreme Court concluded that despite the statutory definition of core proceedings including "counterclaims by the estate against persons filing claims against the estate," a bankruptcy court lacks the "constitutional authority to enter a final judgment on a

---

[31] *Kampa v. White Consol. Industries, Inc.*, 115 F.3d 585, 586 (8th Cir. 1997) ("[F]ederal law has consistently held that money damages are generally characterized as a legal remedy.").

[32] 9 Wright & Miller at § 2302.1, p. 32.

[33] *See Braunstein v. McCabe (In re TMG Holdings, LLC)*, 571 F.3d 108, 123 (1st Cir. 2009) (stating that an award of monetary relief is not necessarily legal relief but that "[a] monetary award may be an equitable remedy when the award is restitutionary, such as in actions for disgorgement of improper profits, or when it is incidental to or intertwined with injunctive relief" (internal quotations, citations, and alterations omitted)).

[34] 131 S. Ct. 2594 (2011).

state law counterclaim [filed by the debtor for tortious interference in a nondischargeability adversary proceeding filed by a creditor] that is not resolved in the process of ruling on a creditor's proof of claim."[35] Constitutional authority to enter final judgment on such counterclaims is present if the "action at issue stems from the bankruptcy itself or would be necessarily be resolved in the claims allowance process."[36]

The extent of a bankruptcy court's authority to enter final judgment after *Stern* has not been defined in this circuit. Some courts in other circuits have relied upon the express language of *Stern* and emphasize that the ruling should be limited to the unique circumstances of that case.[37] These courts hold that *Stern* does not impact the bankruptcy court's ability to enter a final judgment on any other type of core proceeding.[38] Other courts read *Stern* more expansively by looking to the reasoning of the *Stern* Court.[39] These courts hold that the constitutional authority of bankruptcy

---

[35] *Id.* at 2630.

[36] *Id.* at 2618.

[37] *E.g.*, *In re Salander O'Reilly Galleries*, 453 B.R. 106, 115–16 (Bankr. S.D.N.Y. 2011).

[38] *E.g.*, *Brook v. Ford Motor Credit Co. (In re Peacock)*, 455 B.R. 810, 812 (Bankr. M.D. Fla. 2011) ("The narrow holding in *Stern*, as just described, does not impact a bankruptcy court's ability to enter a final judgment in any other type of core proceeding authorized under 28 U.S.C. § 157(b)(2). Similarly, *Stern* does not impact a bankruptcy court's ability to hear non-core matters under 28 U.S.C. § 157(c), albeit not decide them absent the parties' consent.").

[39] *E.g.*, *Heller Herman LLP v. Arnold & Porter, LLP (In re Heller Ehrman LLP)*, 464 B.R. 348, 352–54 (N.D. Cal. 2011) (finding that *Stern*'s holding of lack of jurisdiction to enter a final judgment applies to other core matters under § 157(b), including the estate's claim that a prebankruptcy waiver was a fraudulent conveyance).

courts is limited to matters concerning the administration of the bankruptcy estate, the injunctions imposed by the Bankruptcy Code, and the administration of claims made against the estate, even if those claims are matters usually handled by common law courts or courts of equity.[40]

This Court finds that there is no need to address the *Stern* decision at all. As noted above, the right to a jury trial has been recognized as cause for withdrawal of reference, because the bankruptcy court may not conduct a jury trial without both parties' consent.[41] The Court has determined that many jury trial claims are present. In addition, although a bankruptcy court may enter final judgment on core matters, it cannot do so with respect to non-core matters, unless the parties consent: under 28 U.S.C. § 157(c)(1), a bankruptcy judge may hear a proceeding that is not a core proceeding, but that is otherwise related to a case under Title 11, but that bankruptcy judge must submit proposed findings of fact and conclusions of law to the district court for entry of judgment after *de novo* review. The Court also determines that non-core claims are present in this proceeding. For example, the Trustee's claims under the KCSOA, the KCPA, and for disgorgement of unreasonable fees are non-core.[42]

---

[40] *E.g., Meoli v. The Huntington Nat'l Bank (In re Teleservices Group, Inc.)*, 456 B.R. 318, 337 (Bankr. W.D. Mi. 2011).

[41] *Oliver v. CitiMortgage, Inc. (In re Oliver)*, Case No. 05-40504, Adv. No. 11-07038, 2011 WL 6097810, at *2 (Bankr. D. Kan. Dec. 6, 2011) (citing 28 U.S.C. § 157(e) and District of Kansas Local Rule 83.8.13(b)).

[42] *Parks v. Consumer Law Assocs., LLC (In re Lewis)*, Case No. 10-10117, Adv. No. 10-5098, 2012 WL 1073126, at *3 (Bankr. D. Kan. Mar. 29, 2012) (concluding that similar Kansas Consumer Protection Act and disgorgement claims asserted by the trustee in that case "are not core proceedings").

As a result of the presence of jury trial claims and non-core claims, there is no doubt that the claims made in this case are predominated by matters which require a *final* determination in the District Court. Therefore, it is simply unnecessary to additionally consider *Stern*. Further supporting immediate withdrawal, there are currently eight other actions pending in the Bankruptcy and District Courts in Kansas raising similar KCSOA, KCPA, and fraudulent conveyance claims.[43] Three of those cases are now before the District Court in Kansas for final decision.[44] One of those cases in the District Court has certified two questions to the Kansas Supreme Court for an interpretation of the statutory language found in the KCSOA, and a determination of the constitutionality of the KCSOA and KCPA.[45] It is simply more efficient for these cases, all stating similar claims, to be decided and ultimately tried

---

[43] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 45 at 5–6 (D. Kan. April 13, 2012) (listing cases).

[44] These cases are: *Hays v. Ruther*, Case No. 11-1163-JTM (D. Kan.), *Parks v. Consumer Law Assocs., L.L.C.*, Case No. 12-1113-JTM (D. Kan.), and *Parks v. Persels & Assocs., LLC*, Case No. 12-1140-KHV (D. Kan.).

[45] *See Hays v. Ruther*, Case No. 11-1163-JTM, Docket No. 49 (D. Kan. June 26, 2012) (certifying two questions to the Kansas Supreme Court). The questions certified are:

    I.    If an attorney licensed to practice law in Kansas and acting within the course and scope of the attorney's practice is exempt from the provisions of the Kansas Credit Services Organization Act, is the attorney's law firm also exempt? Specifically, does the definition of "person" in K.S.A. § 50-1117 (2005) apply to the attorney exemption at K.S.A. § 50-1116(b) (2005)?

    II.    Does applying the Kansas Consumer Protection Act or the Kansas Credit Services Organization Act to attorneys, law firms, and their administrative agents in the context of attorney-client relationships violate the separation of powers mandated by Article 3, Section 1, of the Kansas Constitution?

in one forum with the authority to enter final judgment on the matters. The claims in this case are not particularly bankruptcy dominated, and this Court believes the more appropriate forum is the District Court. The Court wishes to preserve both the Trustee's and the Defendant's resources, and believes immediately transferring this case to the District Court so these cases can move together in one forum is the best way to do so. As a result, the balance of factors weighs in favor of immediate withdrawal of the reference and transfer to the District Court.

## Conclusion

Cause exists to withdraw reference because of the right to jury trial on the majority of the claims asserted by the Trustee. The factual issues in the jury and non-jury claims overlap and the jury trial claims are likely to be primary disputes. In addition, there are non-core claims asserted by the Trustee, which additionally impacts the authority of this Court to enter final judgment. This adversary proceeding has been fully prepared for dispositive motions and trial, with a final pretrial order entered. Immediate withdrawal of the reference is recommended because this adversary proceeding is similar to several other cases recommended for transfer to the district courts and for certification of questions to the Kansas Supreme Court. The Court, therefore, recommends immediate withdrawal of the reference and transfer to the District Court so that these similar proceedings can be administered together. In this Court's view, one final arbiter on the claims in this case is the most efficient use of judicial resources, and may result in a more timely resolution of this proceeding.

The Court recommends immediate withdrawal of the reference and transfer to

the District Court. A copy of the Complaint is attached for the convenience of the District Court.

**It is so ordered.**

### #